## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> PEOPLE OF THE VIRGIN ISLANDS, ) <br> ) <br> ) <br> v.            ) <br> ) <br> ) <br> **ROMAL COLBOURNE,**         ) <br> ) <br> **Defendant.**      ) <br> _____) | Criminal Action No. 2014-039 |

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
**Everard E. Potter, Esq.,**
St. Thomas, U.S.V.I.
    *For the United States and Virgin Islands*

**Anthony R. Kiture, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER is before the Court on the Government's "Amended Motion in Limine re: Length of Incarceration," in which the Government seeks to "elicit evidence regarding the length of time the Defendant was incarcerated" prior to the commission of the instant offense. (Dkt. No. 36 at 1). For the following reasons, the Court will grant the Amended Motion in part, and deny it, without prejudice, in part.

Notwithstanding the introduction to the Amended Motion, a review of the filing reveals that, in reality, the Government seeks to introduce two distinct pieces of evidence: first, evidence regarding the amount of time that Defendant occupied cell J-20—the cell where the contraband

was seized—in order to help prove "knowing" possession of the seized contraband; and second, evidence regarding the amount of time Defendant has been incarcerated at Golden Grove to refute a contention the Defendant may make regarding his awareness of the prison rules or the prohibited nature of his conduct. (Dkt. No. 36).

Addressing the first issue—one of the elements that the Government must establish in order to prove its case is that the Defendant "knowingly" possessed the prohibited object that was seized from his prison cell. The Government must, therefore, establish that Defendant Colbourne was conscious and aware of the nature of his actions and of the surrounding facts and circumstances. *Model Criminal Jury Instructions for the Third Circuit, Chapter 5.02*. As such, the Court agrees with the Government that evidence regarding the length of time that Defendant was in the particular cell is relevant to the question of his "knowing" possession of the prohibited object found in the cell. That is, in accordance with Federal Rule of Evidence 401, the evidence "has [a] tendency to make [the fact regarding his "knowing" possession] more … probable than it would be without the evidence." Accordingly, the evidence is admissible.

The Court recognizes, of course, that relevant evidence can be excluded under Federal Rule of Evidence 403, "if its probative value is substantially outweighed by a danger of" one of several things, including unfair prejudice. This would require a finding that the evidence would create "an undue tendency to suggest decision on an improper basis," and that such tendency substantially outweighs the evidence's usefulness in proving a fact or element of the crime charged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 674 (2012) (relevant evidence excluded under Rule 403 only where "*unfair* prejudice, [that] is prejudice based on something *other* than

persuasive value," outweighs evidentiary usefulness for proving government's case) (internal citations omitted); *see also United States v. Cunningham*, 694 F.3d 372, 390 (3d Cir. 2012).

Here, the Court rejects any contention that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. Because the establishment of "knowing" possession is essential to the Government's case, evidence that is relevant thereto is necessarily of particular significance. Moreover, even if one were to accept the possibility that one might improperly link occupying a jail cell—and therefore incarceration—for a "lengthy period" with guilt of the particular crime with which Defendant Colbourne is charged in this case, the Court is not convinced, under the circumstances here, that the danger of unfair prejudice associated therewith "substantially outweighs" the probative value of the evidence. This is especially so in view of the Government's representation that it will elicit evidence regarding the amount of time that Defendant was in a particular cell of only up to one year. (Dkt. No. 36 at 2). Accordingly, the proffered evidence of Defendant Colbourne's incarceration in cell J-20 will not be excluded under Rule 403.

Turning to the second issue regarding the length of time that Defendant was housed at Golden Grove—the Government seeks a ruling by the Court regarding the admissibility of this evidence in the form of a preemptive strike. Specifically, the Government seeks to introduce this evidence "should the defendant elicit, on cross examination or in his case-in-chief evidence suggesting he was unaware of the illegality of possession of the contraband (or of the prison rules prohibiting such possession)." The Court views this request as premature and will therefore deny it, without prejudice. In like manner, Defendant's foundational challenge to the Government's request will not be addressed at this time.

3

For the foregoing reasons, the Government's Amended Motion will be granted in part and denied without prejudice, in part.

**UPON CONSIDERATION** of the Government's "Amended Motion in Limine re: Length of Incarceration," (Dkt. No. 36), it is hereby

**ORDERED** that the Amended Motion in Limine is **GRANTED IN PART** as to the Government's request to offer evidence in its case in chief regarding the amount of time—up to one year—that Defendant Colbourne occupied cell J-20; and it is further

**ORDERED** that the Amended Motion in Limine is **DENIED, WITHOUT PREJUDICE, IN PART** as to its request to offer evidence regarding the length of Defendant's incarceration—up to one year—in Golden Grove.

**SO ORDERED.**

Date: August 5, 2014            _____/s/_____
                                WILMA A. LEWIS
                                Chief Judge